**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| THOMAS LEE BAILEY | : |
| Petitioner | : |
| v | :  Civil Action No. WDQ-07-2869 |
| MR. KOPPEL   and | : |
| THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | |
| | : |
| Respondents | |

o0o
## MEMORANDUM

The above-captioned Petition for Writ of Habeas Corpus was filed on October 17, 2007, along with a Motion for Leave to Proceed In Forma Pauperis. Because he appears to be indigent, Petitioner's Motion will be granted.

Petitioner challenges his January 26, 1991, conviction from Harford County Circuit Court for first-degree rape and first-degree sex offense. Paper No. 1. The instant petition is successive. Petitioner has filed a petition for writ of habeas corpus challenging the validity of this conviction on previous occasions. *See Bailey v. Galley*, Civil Action No. WDQ-05-1742 (D. Md. 2005) and *Bailey v. Attorney General*, Civil Action No. WDQ-07-2626 (D. Md. 2007).[1]

Under 28 U.S.C. § 2244(b)(3), Petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3);[2] *Felker v. Turpin*, 83 F.3d 1303, 1305-07

---

[1] Civil Action No. WDQ-07-1742 included two other habeas petitions which were consolidated with the lead case because they concerned the same conviction and the same allegations. *See* Civil Actions WDQ-05-1808 and WDQ-07-1923.

[2] 28 U.S.C. § 2244(b)(3)(B) provides, as amended, that: "[A] motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."

(11th Cir.1996).  The pending application is successive.  Before this Court may consider it, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this Court to do so.  *See* 28 U.S.C. § 2244(b)(3)(A); *see In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*).  Because it does not appear that petitioner has complied with this "gatekeeper" provision, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).[3]

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order.  The procedural requirements and deadlines for filing the motion are extensive.  A packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court is attached hereto.  It is emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

Accordingly, by separate order which follows, the Petition will be denied without prejudice.


October 31, 2007                                                  /s/
Date                                                  William D. Quarles, Jr.
                                                      United States District Judge

---

[3] Under the amendments to 28 U.S.C. § 2254, a second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.